1

HAROLD P. GEWERTER, ESQ.                          E-filed: 7/16/08

2

Nevada Bar No. 499
HAROLD P. GEWERTER, ESQ., LTD.

3

5440 W. Sahara Avenue, Third Floor
Las Vegas, Nevada  89146

4

Telephone:  (702) 382-1714
Fax:  (702) 382-1759

5

Attorney for Plaintiffs

6

7                           UNITED STATES DISTRICT COURT

8                                 DISTRICT OF NEVADA

9

                                          * * * * *

10

| | |
|---|---|
| MARY WIRGES, an individual, ALISTER BARRON, an individual, PAUL J. BEEHLER, an individual, TRIAD COMMERCIAL SERVICES, LLC, a Nevada Limited Liability Company, | CASE NO.: |
| Plaintiffs, | PLAINTIFF'S COMPLAINT FOR:<br>1. SECURITIES FRAUD;<br>2. FRAUD;<br>3. FRAUDULENT TRANSFER;<br>4. BREACH OF CONTRACT;<br>5. DECLARATORY RELIEF<br>6. INTENTIONAL MISREPRESENTATION<br>7. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING<br>8. CONVERSION<br>9. CIVIL CONSPIRACY<br>10. BREACH OF FIDUCIARY DUTY |
| vs. | |
| CARIBBEAN INVESTORS DEVELOPMENT INTERNATIONAL, INC. a Florida Corporation, VINCENT DONMOYER, an individual, BRUCE WALKO, an individual, RONALDO ORTIZ, an individual, DAVID MILLER, an individual, RIVER OAKS CAPITAL MANAGEMENT, INC. a Texas Corporation, SUZANNE BILLINGSLY, an individual, ANYTHING I WANT, a Nevada Corporation, JOHN MARINO, ESQ. an individual, STRATEGY INSURANCE LIMITED, a foreign corporation, AMAHOK INTERNATIONAL, LLC, a Alaska Limited Liability Company; DOES I through X, inclusive; ROE CORPORATIONS XX through XXX, inclusive, | DEMAND FOR JURY TRIAL |
| Defendants. | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

1      COME NOW, Plaintiffs, by and through their attorney of record, HAROLD P.

2  GEWERTER, ESQ., of the law firm of HAROLD P. GEWERTER, ESQ., LTD., and for their

3  Complaint against Defendants, aver and allege as follows:

4                    **JURISDICTION AND PARTIES**

5      1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 15

6  U.S.C. §78(a), et seq., and the pendent jurisdiction of this Court.  Venue is proper in this Court

7  pursuant to 28 U.S.C. § 1391 (b)(2) and 15 U.S.C. §78 aa.

8      2.      Plaintiff, MARY WIRGES (hereinafter "WIRGES") is and was a resident of

9  Clark County, Nevada.

10      3.      Plaintiff, ALISTER BARRON (hereinafter "BARRON") is and was a resident of

11  Clark County, Nevada.

12      4.      Plaintiff, PAUL J. BEEHLER (hereinafter "BEEHLER") is and was a resident of

13  Clark County, Nevada.

14      5.      Plaintiff, TRIAD COMMERCIAL SERVICES, LLC (hereinafter "TRIAD") is a

15  Nevada Limited Liability Company duly authorized and existing under the laws of the State of

16  Nevada.

17      6.      Defendant, CARIBBEAN INVESTORS DEVELOPMENT INTERNATIONAL,

18  INC. (hereinafter "CARIBBEAN") is a corporation duly authorized and existing under the laws

19  of the State of Florida, and doing business in Clark County, Nevada.

20      7.      Defendant, VINCENT DONMOYER (hereinafter "DONMOYER") is a resident

21  of Florida, doing business in Clark County, Nevada.

22      8.      Defendant, BRUCE WALKO (hereinafter "WALKO") is a resident of Florida,

23  doing business in Clark County, Nevada.

24      9.      Defendant, RONALDO ORTIZ (hereinafter "ORTIZ") is a resident of Florida,

25  doing business in Clark County, Nevada.

26      10.     Defendant, DAVID MILLER (hereinafter "MILLER") is a resident of Texas,

27  doing business in Clark County, Nevada.

28

1    11.    Defendant, RIVER OAKS CAPITAL MANAGEMENT, INC.   (hereinafter

2  "RIVER") is a corporation duly authorized and existing under the laws of the State of Texas,

3  doing business in Clark County, Nevada.

4    12.    Defendant, SUZANNE BILLINGSLY (hereinafter "BILLINGSLY"),   is a

5  resident of Clark County, Nevada.

6    13.    Defendant, ANYTHING I WANT (hereinafter "ANYTHING") is a corporation

7  duly authorized and existing under the laws of the State of Nevada, doing business in Clark

8  County, Nevada.

9    14.    Defendant, JOHN MARINO, ESQ. (hereinafter "MARINO") is a resident of

10  Florida, doing business in Clark County, Nevada.

11    15.    Defendant, AMAHOK INTERNATIONAL, LLC (hereinafter "AMAHOK") is an

12  Limited Liability Company duly authorized and existing under the laws of the State of Alaska,

13  doing business in Clark County, Nevada.

14    16.    Defendant, STRATEGY INSURANCE LIMITED (hereinafter "STRATEGY") is

15  a foreign corporation doing business in Clark County, Nevada.

16    17.    The true names of Defendants DOES I through X, inclusive, and ROE

17  CORPORATIONS XX through XXX, inclusive, whether individual, corporate, associate or

18  otherwise are unknown to Plaintiff, who therefore sues such defendants by fictitious names,

19  Plaintiff is informed and thereupon alleges that each of the defendants designated herein as a

20  DOE or ROE CORPORATION is in some way responsible for the damages claimed by Plaintiff

21  herein.  Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and

22  capacities of Defendants DOES I through X, inclusive and ROE CORPORATIONS XX through

23  XXX, inclusive, when the identities have been ascertained, to formulate appropriate allegations,

24  and to join such Defendants in this action.

25    18.    Upon information and belief, at all times relevant hereto, each of the Defendants

26  set forth herein was the principal, agent, employee, employer or co-conspirator of each other, and

27  at all relevant times were acting within the course and scope of such relationships.

28

3

1        19.    Plaintiffs are informed and believe that at all times relevant hereto, Defendants

2   were principals, owners, and managers of each other Defendants, and treated each other

3   Defendant and its finances as a mere shell, instrumentality, and conduit through which each other

4   Defendant carried on business in name only, exercising control and dominance of such each

5   other business to such an extent that any individuality or separateness of each other Defendant

6   did not exist, and to maintain the fiction of a separate business entity would promote fraud and

7   sanction injustice, such that each other Defendant should be treated as the alter egos of one

8   another.

9   **GENERAL ALLEGATIONS**

10        20.    In late August or early September 2007, Plaintiffs were introduced to Defendant

11   BILLINGSLY for the purpose of arranging hard money loans for Plaintiffs to fund.

12        21.    Defendant BILLINGSLY operated through her shell corporation, Defendant,

13   ANYTHING I WANT, of which Defendant BILLINGSLY is believed to be the only

14   shareholder.

15        22.    Defendant BILLINGSLY working through and with Defendants MILLER and

16   RIVER presented Plaintiffs with information regarding a purported loan to Defendant

17   CARIBBEAN.

18        23.    Defendant RIVER is Defendant MILLER's corporate operating entity and alter

19   ego.

20        24.    Among the information provided to Plaintiffs through Defendant BILLINGSLY

21   and possibly others, directly or indirectly, was a letter of commitment ("Letter of Commitment")

22   for a surety bond in favor of Defendant CARIBBEAN issued by Defendant STRATEGY.

23        25.    Among the information which was later provided to Plaintiffs through Defendant

24   BILLINGSLY and possibly others, directly or indirectly, was a letter of commitment in favor of

25   CARIBBEAN issued by Defendant AMAHOK as a "take out" partner of Defendant

26   CARIBBEAN.

27

28

4

26.     Defendants DONMOYER, WALKO, BRUCE and MILLER through Defendant BILLINGSLY, and possibly others, directly or indirectly, presented such Letters of Commitment as security for a purported loan.

27.     Defendants MILLER and BILLINGSLY recommended and encouraged Plaintiffs to enter into such purported loan transaction.

28.     On or about September 13, 2007, Plaintiffs WIRGES, BARRON and BEEHLER (through TRIAD) signed a loan agreement in the amount of $400,000.00 with Defendants DONMOYER, ORTIZ, WALKO and CARIBBEAN.

29.     Simultaneously with the signing of the above purported loan agreement, Plaintiffs were delivered a Confession of Judgment relating to the Loan Agreement in the amount of $400,000.00 and signed by Defendants ORTIZ, DONMOYER and WALKO individually and on behalf of Defendant CARIBBEAN.  Plaintiffs also wired funds to, through or for the benefit of Defendants (including but not limited to Defendant MARINO, who is an attorney) as requested by Defendants.

30.     Defendants provided Plaintiffs with a copy of a wire instruction showing that funds had been delivered to Defendant STRATEGY for issuance of the Letter of Commitment which was to act as security for this purported loan agreement.

31.     The Loan Agreement called for repayment of principal and interest on or prior to December 13, 2007.

32.     Despite numerous demands, no repayment of either interest or principal has been made.

33.     When Plaintiffs attempted to file the Confession of Judgment, which was prepared by Defendants, they were unable to file such Confession of Judgment as it was deficient in its form and Defendants have refused to correct this deficiency.

34.     Plaintiffs have attempted to collect per the Letter of Commitment issued by Defendant STRATEGY but Defendant STRATEGY has denied issuing the Letter of Commitment on behalf of Defendant CARIBBEAN and claims to have never received either instructions to do so or the fees required.

35.     Plaintiffs have also attempted to collect from Defendant AMAHOK who was later named as the security "take out" commitment partner of Defendant CARIBBEAN.

36.     Defendants BILLINGSLY and MILLER have provided numerous ridiculous, false and misleading excuses for the delays in repayment in an attempt to prevent Plaintiffs from taking legal action to collect on this matter.

37.     Such delays in legal action brought about by Defendants BILLINGSLY and MILLER resulted in gaining Defendants CARIBBEAN, OTRIZ, DONMOYER and WALKO additional time to transfer and hide assets.

38.     As of July 15, 2008, the amount due Plaintiffs under the Loan Agreement and related documents is $400,000.000 principal, $143,334.05 in interest and $1,075,000.00 in late fees.

## FIRST CAUSE OF ACTION

### (Securities Fraud-Against All Defendants)

39.     Plaintiffs repeat and re-allege the preceding allegations as if fully set forth herein.

40.     Defendants and possibly others, and each of them, by the use and means of instrumentalities of interstate commerce and of the mails, directly or indirectly and knowingly or with reckless disregard employed a device, scheme and artifice to defraud, in connection with the sale of a security, thereby committing fraud and deceit on the Plaintiffs, all with reference to the facts, acts and omissions set forth in this Complaint.

41.     Specifically, but not necessarily by way of limitation, Defendants and possible others, falsely represented, via the Letter of Commitment, that Plaintiffs' money would be fully secured by Defendant AMAHOK.  Furthermore, Defendants represented to Plaintiffs that the Letter of Commitment was standing and provided documentation showing that part of Plaintiffs' invested funds would be used to pay the fee due for the issuance of such Letter of Commitment. Plaintiffs  justifiably relied on these false, material representations when they loaned money to Defendants.  A loan agreement is a "security" under 15 U.S.C. §77aa et seq.  Furthermore, Defendants DONMOYER, ORTIZ and WALKO are "control persons" under section 20(a) of the Securities Exchange Act, and are therefore liable to Plaintiffs for any fraud committed by

Defendants DONMOYER, ORTIZ, WALKO and CARIBBEAN.      Defendants MILLER, RIVER, BILLINGSLY, ANYTHING and MARINO assisted Defendant CARIBBEAN and the other Defendants through knowingly making false representations on behalf of Defendant CARIBBEAN and the other Defendants in an effort to induce Plaintiffs to enter into the Loan Agreement.

42.      That the above-mentioned representations were false and made knowingly or recklessly is evidenced by the fact the Plaintiffs' money has been illegally diverted to the personal use of Defendants DONMOYER, BRUCE, WALKO, MILLER and BILLINGSLY, and possibly others and that Defendants never executed the Letter of Commitment which would have provided Plaintiffs the security agreed upon.

43.      The actions of Defendants constitute violations of the Securities Act of 1933, Rule 10b-5 of the Securities Exchange Act of 1934, 15 U.S.C. §78j and N.R.S. §90.570.

44.      As a direct and proximate result of the securities fraud as set forth above, Plaintiffs have sustained damages in an amount to be shown according to proof at the time of trial.  Additionally, Plaintiffs are entitled to an award of punitive damages because of the wanton, oppressive and fraudulent actions of Defendants, in an amount to be determined at the time of trial.

45.      As a further direct and proximate result of the securities fraud as set forth above, Plaintiffs have been required to retain the services of an attorney to prosecute this action and are entitled to an award of reasonable attorney's fees and costs incurred herein.

## SECOND CAUSE OF ACTION

### (Fraud—Against All Defendants)

46.      Plaintiffs repeat and re-allege the preceding allegations as if fully set forth herein.

47.      At the time that Plaintiffs loaned and/or transferred the monies to Defendants, Defendants concealed the fact that Defendants had not, and would not, complete the Letter of Commitment and had no intention of financing land with the funds.  These omissions of fact were material and were intentionally made by Defendants with the intention that Plaintiffs rely on these omissions.

48.     Plaintiffs did reasonably rely on the omissions of material fact in deciding to loan, directly or indirectly, Defendants the sum of $400,000.00.  As a result of the fraud, set forth above, Plaintiffs have suffered damages in an amount to be determined at trial.

49.     The above-mentioned representations were material to Plaintiffs' decision to loan and/or invest with the Defendants.

50.     At the time that Defendants made these representations, they knew that the representations were false.  Defendants made the above misrepresentations intending that Plaintiffs would rely on them in deciding to loan and/or invest with Defendants. Plaintiffs did actually rely on these representations when they loaned and/or invested funds with Defendants. Plaintiffs were justified in relying on the representations made by Defendants.

51.     As a result of loaning and/or investing fund with Defendants, Plaintiffs suffered damages in an amount to be determined by trial.  Additionally, Plaintiffs are entitled to an award of punitive damages, because of the wanton, oppressive and fraudulent activities of Defendants, in the amount to be determined at the time of trial.

52.     As a further direct and proximate result of the fraud as set forth above, Plaintiffs have been required to retain the services of an attorney to prosecute this action and is entitled to an award of reasonable attorney's fees and costs incurred herein.

## THIRD CAUSE OF ACTION

### (Fraudulent Transfer- Against Defendants CARIBBEAN, DONMOYER, MARINO ORTIZ and WALKO)

53.     Plaintiffs repeat and re-allege the preceding allegations as if fully set forth herein.

54.     The acts of Defendants CARIBBEAN, DONMOYER, MARINO, ORTIZ and WALKO described hereinabove constitute a fraudulent transfer, made with actual intent to defraud Plaintiffs, who are creditors of all Defendants in direct violation of NRS §112.180.

55.     These transfers of the assets of Defendants were fraudulent because they were made to insiders, including Defendants DONMOYER, MARINO, ORTIZ and WALKO. The transfers were concealed from Plaintiffs, and the assets of Defendants have been concealed from Plaintiffs.

56.     As a result of the fraudulent transfers, as set forth above, Plaintiffs have sustained damages in an amount to be determined at trial.  Additionally, Plaintiffs are entitled to an award of punitive damages because of the wanton, oppressive and fraudulent actions of Defendants, in an amount to be determined at the time of trial.

57.     As a further direct result of the fraudulent transfers, as set forth above, Plaintiffs are entitled to an order setting aside the fraudulent transfers and enjoining Defendants CARIBBEAN, DONMOYER, MARINO, ORTIZ and WALKO from any further disposition or encumbrance of the assets of Defendants without first repaying all monies to Plaintiffs.

58.     As a further direct and proximate result of the fraudulent transfers as set forth above, Plaintiffs have been required to retain the services of an attorney to prosecute this action and is entitled to an award of reasonable attorney's fees and costs incurred herein.

## FOURTH CAUSE OF ACTION

### (Breach of Contract- Against Defendants

### CARIBBEAN, ORTIZ, DONMOYER and WALKO)

59.     Plaintiffs repeat and re-allege the preceding allegations as if fully set forth herein.

60.     The acts of Defendants CARIBBEAN, ORTIZ, DONMOYER and WALKO, described hereinabove constitute breaches of the Loan Agreement and related documents.  As a direct result of theses breaches of contract, Plaintiffs have suffered damages in an amount to be determined in a trial.

61.     As a further direct and proximate result of the breaches of contract as set forth above, Plaintiffs have been required to retain the services of an attorney to prosecute this action and is entitled to an award of reasonable attorney's fees and costs incurred herein.

## FIFTH CAUSE OF ACTION

### (Declaratory Relief- Against Defendants

### CARIBBEAN, ORTIZ, DONMOYER and WALKO)

62.     Plaintiffs repeat and re-allege the preceding allegations as if fully set forth herein.

63.     Plaintiffs bring this claim pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. and FRCP Rule 57.  A case of actual controversy exists between Plaintiffs and Defendants.

64.     Based upon the acts of Defendants CARIBBEAN, ORTIZ, WALKO and DONMOYER, described hereinabove, Plaintiffs are entitled to an order from the Court declaring that Defendant CARIBBEAN is the alter ego of Defendants ORITZ, DONMOYER and WALKO, and are therefore individually liable to Plaintiffs for all acts complained of against Defendants WALKO, DONMOYER, ORTIZ and CARIBBEAN herein.

<b><u>SIXTH CAUSE OF ACTION</u></b>

<b>(Intentional Misrepresentation-Against All Defendants)</b>

65.     Plaintiffs repeat and realize every allegation contained in the preceding paragraphs as if fully set forth herein.

66.     Defendants intentionally misrepresented material facts to Plaintiffs, as alleged herein.

67.     Defendants knew, or should have known, that each of the misrepresentations made by Defendants to Plaintiffs, set forth above, were material and justifiably relied upon by Plaintiffs, to Plaintiffs' detriment.

68.     In making these misrepresentations, Defendants intended to cause Plaintiffs to rely thereon, to Plaintiffs' detriment.

69.     Plaintiffs have been damaged as a result of their reliance upon the misrepresentations of Defendants in an amount to be proven at trial.

70.     As a direct and proximate result of Defendants' actions, Plaintiffs have been required to retain the services of attorneys to prosecute this action and are entitled to an award of reasonable attorney's fees and costs incurred herein.

**SEVENTH CAUSE OF ACTION**

**(Breach of Covenant of Good Faith and Fair Dealing-Against Defendants CARIBBEAN, ORTIZ, WALKO and DONMOYER)**

71.     Plaintiffs repeat and re-allege every allegation contained in the preceding paragraphs as if fully set forth herein.

72.     Implied in every contract is a covenant of good faith and fair dealing. Defendants, and each of them, have breached the covenant of good faith and fair dealing implied in the Loan Agreement and related transactions, as set forth above, by failing to adhere to the terms and conditions of the Loan Agreement and related transactions.

73.     As a direct and proximate result of Defendants' bad faith, as set forth above, Plaintiffs have incurred damages in an amount to be determined at trial.

74.     As a direct and proximate result of Defendants' actions, Plaintiffs have been required to retain the services of an attorney to prosecute this action and are entitled to an award of reasonable attorney's fees and costs incurred herein.

**EIGHTH CAUSE OF ACTION**

**(Conversion-Against Defendants CARIBBEAN, ORTIZ, WALKO, DONMOYER and MARINO)**

75.     The Plaintiffs repeat and re-allege every allegation contained in the preceding paragraphs as if fully set forth herein.

76.     Defendants, and each of them, have improperly taken from Plaintiffs, certain assets belonging to Plaintiffs, for Defendants' own benefit and to the exclusion of Plaintiffs.

77.     Defendants have therefore converted Plaintiffs' assets for their own personal use and gain.

78.     As a direct and proximate result of the Defendants' wrongful conduct, Plaintiffs have been damaged in a sum in an amount to be determined at trial.

79.     As a direct and proximate result of the Defendants' wrongful conduct, the Plaintiffs have been required to retain the services of an attorney to prosecute this action and, therefore, are entitled to an award of reasonable attorneys' fees and costs incurred therein.

11

1

2

**NINTH CAUSE OF ACTION**

**(Civil Conspiracy—Against All Defendants)**

3       80.     Plaintiffs repeat and re-allege every allegation contained in the preceding

4   paragraphs as if fully set forth herein.

5       81.     As set forth above, Defendants CARIBBEAN, ORTIZ, DONMOYER, WALKO,

6   MILLER, RIVER, BILLINGSLY, ANYTHING, MARINO and AMAHOK agreed, expressly or

7   tacitly, to illegally Deprive Plaintiffs of their assets without Plaintiffs' knowledge or consent,

8   with the express purpose of harming Plaintiffs.

9       82.     As a direct and proximate result of Defendants' Civil Conspiracy, as set forth

10  above, Plaintiffs have incurred damages in an amount to be determined at trial.  Additionally,

11  Plaintiffs are entitled to an award of punitive damages, in an amount to be determined at trial.

12      83.     As a further direct and proximate result of Defendants' Civil Conspiracy, as set

13  forth, above, Plaintiffs have been required to retain the services of an attorney to prosecute this

14  action and are entitled to an award of reasonable attorney's fees and costs incurred herein.

15                          **TENTH CAUSE OF ACTION**

16                  **(Breach of Fiduciary Duty-Against Defendant MARINO)**

17      84.     Plaintiffs repeat and re-allege every allegation contained in the preceding

18  paragraphs as if fully set forth herein.

19      85.     Defendant MARINO acted as attorney escrow agent for Plaintiffs monies and the

20  related loan/investment and as such owed a fiduciary duty to Plaintiffs.

21      86.     Defendant MARINO by engaging in the conspiracy, conversion, fraud, and other

22  activities outlined herein, breached his fiduciary duty.

23      87.     As a direct and proximate result of Defendant MARINO'S Breach of Fiduciary

24  Duty, as set forth above, Plaintiffs have incurred damages in an amount to be determined at trial.

25  Additionally, Plaintiffs are entitled to an award of punitive damages, in an amount to be

26  determined at trial.

27

28

88.     As a further direct and proximate result of Defendants' Breach of Fiduciary Duty, as set forth, above, Plaintiffs have been required to retain the services of an attorney to prosecute this action and are entitled to an award of reasonable attorney's fees and costs incurred herein.

WHEREFORE, Plaintiffs pray for the following:

1.     For an Order declaring that Defendants CARIBBEAN, ORTIZ, WALKO and DONMOYER are the alter egos, co-conspirators and agents of each other;

2.     For an Order setting aside the fraudulent conveyances of the assets of Defendant CARIBBEAN by or to all other Defendants, or to each other;

3.     For general damages against all Defendants in a sum in excess of $1,628,334, as proven;

4.     For special damages against all Defendants in a sum in excess of $1,628,334, as proven;

5.     For punitive damages against all Defendants in a sum in excess of $4,885,002, as proven;

6.     For reasonable attorney fees as proven;

7.     For costs of suit and statutory interest; and

8.     For any such other relief as the Court may deem just and proper.

DATED this 16th day of July, 2008.

HAROLD P. GEWERTER, ESQ., LTD.


        /s/  Harold P. Gewerter, Esq.
HAROLD P. GEWERTER
Nevada Bar No. 499
5440 W. Sahara Avenue, Third Floor
Las Vegas, Nevada  89146
Attorney for Plaintiffs

13

1

## DEMAND FOR JURY TRIAL

2

3          Plaintiff hereby demands a jury trial as provided by Rule 38(1) of the Federal Rules

4   of Civil Procedure.

5          Dated this 16th day of July, 2008.

6                                              HAROLD P. GEWERTER, ESQ., LTD.

7                                                  /s/  Harold P. Gewerter, Esq.
                                               HAROLD P. GEWERTER, ESQ.
8                                              Nevada Bar No. 499
9                                              5440 W. Sahara Avenue, Third Floor
                                               Las Vegas, Nevada 89146
10                                             Attorney for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28